UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

PHILLIP D.,[1]

                                        Plaintiff,              Case # 20-CV-6746-FPG

v.                                                              DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                        Defendant.

## INTRODUCTION

Plaintiff Phillip D. brings this action pursuant to the Social Security Act seeking review of the final decision of the Commissioner of Social Security that denied his application for Disability Insurance Benefits under Title II of the Social Security Act (the "Act") and Supplemental Security Income under Title XVI of the Act.  ECF No. 1.  The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).  ECF Nos. 13, 15.  For the reasons that follow, Plaintiff's motion, ECF No. 13, is DENIED, the Commissioner's motion, ECF No. 15, is GRANTED; and the ALJ's decision is AFFIRMED.

## BACKGROUND

In December 2016, Plaintiff applied for DIB and SSI with the Social Security Administration ("the SSA").  Tr.[2] 118-19.  He alleged disability since November 2016 due to the following conditions: herniated disc; wrist/joint pain; ADHD; mental health/emotional distress;

---

[1] Under this District's Standing Order, any non-government party must be referenced solely by first name and last initial.

[2] "Tr." refers to the administrative record in this matter.  ECF No. 11.

speech/language impairment/deficit; cluster headaches, hypertension, hyperglyceridemia; history of abuse/neglect; and fibromyalgia.  Tr. 105.  In September 2019, Administrative Law Judge Connor O'Brien ("the ALJ") issued a decision finding that Plaintiff is not disabled.  Tr. 12-28.  On August 3, 2020, the Appeals Council denied Plaintiff's request for review.  Tr. 1-6.  This action seeks review of the Commissioner's final decision.  ECF No. 1.

## LEGAL STANDARD

### I.      District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard."  *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); *see also* 42 U.S.C. § 405(g).  The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence.  42 U.S.C. § 405(g).  "Substantial evidence means more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted).  It is not the Court's function to "determine *de novo* whether [the claimant] is disabled."  *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

### II.     Disability Determination

To determine whether a claimant is disabled within the meaning of the Act, an ALJ follows a five-step sequential evaluation: the ALJ must determine (1) whether the claimant is engaged in substantial gainful work activity; (2) whether the claimant has any "severe" impairments that

significantly restrict his or her ability to work; (3) whether the claimant's impairments meet or medically equal the criteria of any listed impairments in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"), and if they do not, what the claimant's residual functional capacity ("RFC") is; (4) whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work; and (5) whether the claimant's RFC permits him or her to perform alternative substantial gainful work which exists in the national economy in light of her age, education, and work experience. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986); *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999); *see also* 20 C.F.R. §§ 404.1520, 416.920.

## DISCUSSION

### I.    The ALJ's Decision

The ALJ analyzed Plaintiff's claim for benefits under the process described above.  At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since November 22, 2016, the alleged onset date.  Tr. 14.  At step two, the ALJ found that Plaintiff had severe impairments of lumbar degenerative disc disease, fibromyalgia, obesity, attention-deficit hyperactivity disorder, chronic headaches, a specific learning disorder, depression, and an anxiety disorder.  Tr. 15.  At step three, the ALJ found that these impairments did not meet or medically equal any Listings impairment.  *Id.*

Next, the ALJ determined that Plaintiff had the RFC to perform sedentary work with the following exertional and non-exertional limitations:

> The [Plaintiff] requires a sit/stand option that allows for changing position every thirty (30) minutes for up to five (5) minutes.  He cannot climb a rope, ladder or scaffold, cannot balance on narrow, slippery, or moving surface, and cannot kneel and crawl.  He can occasionally stoop, crouch, and climb stairs or ramps.  He can occasionally push and pull at the weight for sedentary.  He cannot perform work overhead.  He can tolerate only occasional exposure to brighter than office light, and can work with moderate noise, as defined in the Dictionary of Occupational Titles (i.e., office, grocery, light traffic, etc.).  He can perform simple, rote, three-

step tasks that can be learned by demonstration, can adjust to occasional changes in work setting, and can make occasional work-related decisions. He can interact with the public, supervisors, and co-workers. He can fulfill daily quotas or expectations, but cannot maintain a fast-paced, automated, production line pace. He requires three, additional, short, less-than-five-minute breaks in addition to regularly scheduled breaks during the workday.

Tr. 18.

At step four, the ALJ found that Plaintiff could not perform any past relevant work. Tr. 26. At step five, the ALJ found that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. Tr. 26-27. The ALJ therefore found that Plaintiff is not disabled. Tr. 28.

## II.   Analysis[3]

Plaintiff raises two principal arguments for remand. His first argument is that the ALJ improperly evaluated the opinion evidence because, though he purportedly "accorded heighted [sic] weight" to certain medical opinions, he failed to "sufficiently explain or account for resulting limitations in [RFC] findings." ECF No. 13-1 at 16-21. His second argument is that the ALJ improperly evaluated the limiting effects of Plaintiff's fibromyalgia resulting in an RFC unsupported by substantial evidence. *Id.* at 21-30.

### A.  RFC Findings

Plaintiff raises several arguments challenging the ALJ's evaluation of the opinion evidence and the resulting RFC. *See generally id.* at 16-21. The Court examines each argument below.

---

[3] Plaintiff's claim was filed in December 2016. Therefore, the amendment to the regulations that applies to claims filed after March 27, 2017, does not apply to this case. *See Raymond M. v. Commissioner*, No. 5:19-CV-1313 (ATB), 2021 WL 706645, at *4 (N.D.N.Y. Feb. 22, 2021) ("The regulations regarding the evaluation of medical evidence have been amended for claims filed after March 27, 2017, and several of the prior Social Security Rulings, including SSR 96-2p, have been rescinded.").

### 1.   Moderate Limitation in Twisting of the Cervical Spine

Plaintiff contends that the ALJ improperly failed to account for the twisting limitation in the opinion of consultative examiner Dr. Harbinder Toor despite purportedly according "great weight" to Dr. Toor's opinion.  *Id.* at 18.

Dr. Toor did indeed opine that Plaintiff has a moderate limitation in twisting of the cervical spine.  Tr. 731-32.  And Plaintiff is correct that the ALJ did not incorporate an explicit twisting limitation into the RFC finding.  *See* Tr. 18.  Nonetheless, the ALJ's failure to do so is not a basis for remand.  Courts in this Circuit have determined that a limitation in the ability to twist does not necessarily preclude sedentary work.  *Morine O. v. Comm'r of Soc. Sec.*, 2022 WL 866249, at *5 (W.D.N.Y. March 23, 2022) (citing *Penfield v. Colvin*, 563 F. App'x 839, 840 (2d Cir. 2014) (summary order)).  Thus, it is not clear that the ALJ's RFC—and, specifically, its failure to explicitly include a twisting limitation—is even inconsistent with Dr. Toor's opinion.  *See id.*

Moreover, "an ALJ is not required to adopt a medical opinion in its entirety and may determine an RFC that differs from a medical opinion, where these differences are supported by substantial evidence in the record and are not the product of legal error."  *Id.* at *6.  Plaintiff has failed to demonstrate an inconsistency between the opined limitation and the assessed RFC.  *See Syble v. Comm'r of Soc Sec.*, No 1:19-CV-0434 (WBC), 2021 WL 1175981, at *7 (W.D.N.Y. March 29, 2021); *Shannon v. Berryhill*, No. 6:16-cv-06796 MAT, 2018 WL 6592181, at *3 (W.D.N.Y. Dec. 13, 2018).  Accordingly, the ALJ did not err in failing to include an explicit limitation related to twisting in the RFC and this argument is not a basis for remand.

### 2.  Pain and Headaches Interfering with Routine

Next, Plaintiff argues that the ALJ erred in failing to explain how the RFC accounted for Dr. Toor's opinion that Plaintiff's pain and headaches interfered with his routine.  ECF No. 13-1 at 18.

In his decision, the ALJ specifically noted that (1) Dr. Toor observed Plaintiff to be in "moderate pain" and (2) Dr. Toor opined that Plaintiff's pain and headache interfere with his routine.  Tr. 20.  As the Commissioner notes, the ALJ found Plaintiff's headaches were severe and discussed both Plaintiff's testimony regarding his headaches and the relevant medical records.  *See* ECF No. 15-1 at 18-19.  As the ALJ discussed, Plaintiff's neurological examinations were "unremarkable" on multiple occasions.  *See* Tr. 19, 22.  Ultimately, the ALJ rendered an RFC which called for "only occasional exposure to brighter than office light" and a limitation of "moderate noise" as "preventatives to triggering, and to reduce symptoms of, the [Plaintiff's] headaches."  Tr. 22.

The Court disagrees with Plaintiff's contention that his pain and headaches warranted a more restrictive RFC.  "[U]nder the substantial evidence standard of review, it is not enough for [P]laintiff to merely disagree with the ALJ's weighing of the evidence or to argue that evidence in the record could support [her] position." *Gonzalez-Cruz v. Comm'r of Social Sec.*, 294 F. Supp. 3d 164, 187 (W.D.N.Y. 2018).  A claimant cannot obtain remand merely by citing "evidence that arguably supports more restrictive limitation"; she must "articulate how the ALJ's [contrary] finding . . . was *erroneous*." *Piotrowski v. Comm'r of Soc. Sec.*, No. 18-CV-6075, 2019 WL 2266797, at *6 (W.D.N.Y. May 28, 2019) (emphasis added).

Plaintiff has not met this standard.  Nor has he demonstrated that the RFC is inconsistent with Dr. Toor's notation regarding his headaches.  *See Syble*, 2021 WL 1175981, at *7.  Moreover,

courts in this Circuit have found that a physician's assessment of "pain that could interfere with . . . daily routine" is not inconsistent with an RFC finding of sedentary work. *See Hill v. Berryhill*, No. 17-CV-6532P, 2019 WL 144920, at *6 (W.D.N.Y. Jan. 9, 2019). Accordingly, the Court finds no basis for remand based upon this argument.

### 3.   Limitations in Sitting, Standing, and Walking

Plaintiff asserts that, despite according "great weight" to Dr. Toor's opinion, the ALJ failed to explain how he accounted for moderate limitations in sitting and "moderate to severe" limitations in standing and walking, "without a sit/stand/alternate position limitation that is supported by record." ECF No. 13-1 at 18. In response, the Commissioner argues that Dr. Toor's assessed limitations in these areas "fully aligned with the ALJ's [RFC] finding of restricted sedentary work." ECF No. 15-1 at 14.

Dr. Toor opined that Plaintiff has a "moderate to marked limitation[ ] standing [and] walking" and "a moderate limitation sitting a long time." Tr. 731. As noted above, the RFC here called for sedentary work with a sit/stand option that allows for changing position every thirty (30) minutes for up to five (5) minutes. Tr. 18. Regarding "standing" and "walking," courts in this Circuit have found that marked limitations in these areas "are accommodated by a limitation to sedentary work, since 'sedentary work does not involve any prolonged walking [or] standing.'" *Ellers v. Berryhill*, No. 16-CV-6722L, 2018 WL 2901333, at *2 (W.D.N.Y. June 11, 2018) (quoting *Vesneske-Margage v. Berryhill*, No. 1:16-cv-00500 (MAT), 2017 WL 41120121, at *4-5 (W.D.N.Y. Sept. 18, 2017) (alteration in original)). Similarly, courts have concluded that a moderate limitation in prolonged sitting is "not inconsistent with a sedentary work limitation." *Hill*, 2019 WL 144920, at *6 (collecting cases).

Plaintiff cites evidence which he asserts supports a more restrictive RFC regarding, *inter alia*, walking, standing, and sitting.  ECF No. 13-1 at 20, n.23.  However, Plaintiff's disagreement with the ALJ's consideration of conflicting evidence is not enough to support remand under the substantial evidence standard of review.  *See id.* at *8.  The Court sees no basis for remand based upon this portion of the ALJ's RFC finding.

### 4.   Limitation in Sustaining Ordinary Routine and Regular Attendance

Plaintiff next argues that, despite granting "significant weight" to the opinion of Dr. Adam Brownfield, Ph.D., the ALJ "did not explain how accounted [sic] for 'moderate' limit sustain [sic] ordinary routine and regular attendance."  ECF No. 13-1 at 18.  As Plaintiff indicates, Dr. Brownfield opined, *inter alia*, that Plaintiff was moderately limited in his ability "in sustaining concentration and performing a task at a consistent pace and sustaining an ordinary routine and regular attendance at work."  Tr. 725.

The Commissioner argues that the ALJ did not err with respect to this limitation because courts in this Circuit "have repeatedly found that moderate limitations, such as those assessed by Dr. Brownfield, were consistent with the performance of the basic mental demands of unskilled work."  ECF No. 15-1 at 22.  The Court agrees.

The ALJ crafted an RFC that limited Plaintiff to (1) "simple, rote, three-step tasks that can be learned by demonstration"; (2) only "occasional changes in work setting"; and (3) only "occasional work-related decisions."  Tr. 18.  While the ALJ found that Plaintiff could fulfill daily quotas or expectations, he found that Plaintiff "cannot maintain a fast-paced, automated, production line pace."  *Id.*  As the Commissioner asserts, courts in this Circuit have found that a plaintiff's moderate limitation in maintaining regular attendance and sustaining an ordinary schedule is not inconsistent with an RFC finding limiting Plaintiff to "simple, routine tasks."  *See*

*Shannon v. Berryhill*, No. 6:16-cv-06796 MAT, 2018 WL 6592181, at *3 (W.D.N.Y. Dec. 13, 2018) (collecting cases); *see also Lowry v. Comm'r of Soc Sec.*, No. 1:15-CV-1553 (GTS/WBC), 2017 WL 1290685, at *5 (N.D.N.Y. March 16, 2017) (finding a "moderate limitation in the ability to maintain a routine" is "properly accounted for" in an RFC that "limited Plaintiff to simple, routine work."); *Landers v. Colvin*, No. 14-CV-1090S, 2016 WL 1211283, at *4 (W.D.N.Y. March 29, 2016) ("The determination that Plaintiff is limited to 'simple, repetitive, and routine tasks' accounts for Plaintiff's limitations as to maintaining attention and concentration, performing activities within a schedule, and maintaining regular attendance.")  Accordingly, the Court finds that the ALJ's RFC finding accounts for Plaintiff's moderate limitations in these areas and there is no basis for remand based upon this argument.

### 5.   Stress, Mental and Intellectual Disorders, and "Other Conditions"

Plaintiff asserts that his "stress, mental and intellectual disorders, and other conditions and symptoms support more limitations in work demands that are not accounted for in RFC finding [sic]."  ECF No. 13-1 at 18.  Plaintiff further asserts that "Dr. Dashnaw found his history of depression, anxiety, and PTSD, as well as fibromyalgia may affect his pain perception and chances of having a good surgical result of fusion.  Back pains currently significantly affected his life." ECF No. 13-1 at 20 (internal citation omitted).

While Plaintiff evidently disagrees with the ALJ's view of the evidence regarding these conditions, he fails to articulate any meaningful argument as to why the ALJ's analysis of these conditions was in error.  He additionally fails to develop meaningful argument regarding Plaintiff's plantar fasciitis.  *See* ECF No. 13-1 at 29-30.  The Court declines to develop arguments for him. *See United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990) ("It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the

ossature for the argument, and put flesh on its bones."); *see also Esmeralda M. v. Comm'r of Soc. Sec.*, No. 20-CV-1259, 2022 WL 2669918, at *2 (W.D.N.Y. July 11, 2022) ("[U]nder the substantial evidence standard of review, it is not enough for [P]laintiff to merely disagree with the ALJ's weighing of the evidence.").  In taking the "kitchen-sink" approach, Plaintiff has simply mentioned the above conditions but has not done the work to present the Court with an argument, citing relevant case law, regarding how the above limitations are unaccounted for in the assessed RFC. *See Syble*, 2021 WL 1175981, at *7.  The Court finds no basis for remand based upon these arguments as they are not adequately developed in a way that permits meaningful review.

### B.  Fibromyalgia

The Court turns to Plaintiff's second argument: that the ALJ improperly evaluated the limiting effects of Plaintiff's fibromyalgia resulting in an RFC unsupported by substantial evidence.  ECF No. 13-1 at 21-30.

Courts generally recognize that fibromyalgia is a disabling impairment and that "there are no objective tests which can confirm the disease." *Green-Youger v. Barnhart*, 335 F.3d 99, 108 (2d Cir. 2003) (quoting *Preston v. Sec. of Health and Human Servs.*, 854 F.2d 815, 818 (6th Cir. 1988).  "[M]ere diagnosis of fibromyalgia without a finding as to the severity of symptoms and limitations does not mandate a finding of disability." *Rivers v. Astrue*, 280 F. App'x 20, 22 (2d Cir. 2008); *Green-Younger*, 335 F.3d at 104.  The ALJ here found that, while Plaintiff has fibromyalgia, his diagnosis did not rise to the level of a disability, as defined in the SSA.

At step two of the disability determination, the ALJ determined that Plaintiff has fibromyalgia, which "more than minimally limit[s] [Plaintiff's] . . . ability to do basic work activities for a continuous twelve-month period" and is therefore considered a severe impairment under the SSA.  Tr. 15.  The ALJ further determined that, while there is no specific Listing for

fibromyalgia, Plaintiff's fibromyalgia did not, standing alone or in combination with other conditions, "meet or medically equal any 1.00 (musculoskeletal system), or 11.00 section (neurological disorders) impairment because there are no findings in the medical evidence record that are consistent with the criteria specified in the Listings of those sections." Tr. 16.  With respect to Plaintiff's fibromyalgia, the ALJ considered Plaintiff's testimony, as well as medical evidence in the record from Drs. Saxena, Toor, Kalla, Dashnaw, and Reid in determining that, while "[t]he medical evidence does support [Plaintiff's] assertion that he has significant pain and symptoms as a result of his . . . fibromyalgia, . . . the evidence does not support the degree of functional limitation alleged, as [Plaintiff] also retains significant functional capabilities as demonstrated by Dr. Reid's note with respect to [Plaintiff's] activities at the time."  Tr. 20-22.

Social Security regulations require a two-step process for considering a claimant's symptoms.  First, the ALJ considers whether there is an impairment "which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all of the other evidence (including statements about the intensity and persistence of [a claimant's] pain or other symptoms which may reasonably be accepted as consistent with the medical signs and laboratory findings), would lead to a conclusion that [a claimant is] disabled."  20 C.F.R. § 404.1529(a).  Second, where an impairment is shown, the ALJ must evaluate the "intensity, persistence, or functionally limiting effects" of the claimant's symptoms to determine the extent to which they limit the claimant's functioning.  20 C.F.R. § 404.1529(b).  "When the objective medical evidence alone does not substantiate the claimant's alleged symptoms, the ALJ must assess the credibility of the claimant's statements considering the details of the case record as a whole." *Scitney v. Colvin*, 41 F. Supp. 3d 289, 303-04 (W.D.N.Y. 2014) (citing 20 C.F.R. § 404.1529(c)(3)(i)-(vii)).

Plaintiff contends that the ALJ improperly "relied on lack of objective findings and symptoms to diminish medical opinion [sic] and Plaintiff's complaints." ECF No. 13-1 at 27.  The Court disagrees.  The ALJ acknowledged Plaintiff's reported symptoms but concluded that the treatment notes and medical records, as well as Plaintiff's daily activities, did not support further restrictions or a finding of disability based upon Plaintiff's fibromyalgia.  *See* ECF No. 15-1 at 27-28 (citing portions of Tr.).  In particular, the ALJ noted Dr. Saxena's 2018 treatment notes which included "no specific complaints concerning [Plaintiff's] fibromyalgia."  Tr. 21.  In addition, at a December 2018 appointment, Dr. Reid indicated that Plaintiff "is able to perform his usual daily activities and household chores" despite being in pain.  Tr. 22.  Moreover, Dr. Reid noted that Plaintiff "remains able to continue working as a bus monitor as he is not sitting or standing for a prolonged period of time."  *Id.*  Based upon the record as a whole, the Court concludes that the ALJ properly considered Plaintiff's fibromyalgia in determining his RFC.

## CONCLUSION

For all of the reasons stated, Plaintiff's Motion for Judgment on the Pleadings, ECF No. 13, is DENIED.  The Commissioner's Motion for Judgment on the Pleadings, ECF No. 15, is GRANTED.  Plaintiff's Complaint, ECF No. 1, is DISMISSED WITH PREJUDICE.  The Clerk of Court will enter judgment and close this case.

IT IS SO ORDERED.

Dated: July 21, 2022
Rochester, New York

HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York